IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT A. DIXON,

    Petitioner,

v.

ROB JEFFREYS, Warden,

    Respondent.

CASE NO. 2:11-CV-086
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE E.A. Preston Deavers

## OPINION AND ORDER

On October 5, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (Doc. 8) be granted and that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*.

Although Petitioner waited approximately 13 ½ years after the statute of limitations had expired to file his habeas corpus petition, he argues at length that his petition is timely because he did not and could not have known, until the Ohio Supreme Court's decision in *State v. Colon*, 18 Ohio St.3d 26 (2008), of the basis for his claim, *i.e.* that his indictment was defective for failing to include the required *mens rea*.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded by Petitioner's argument. Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner also seeks a certificate of appealability. As discussed, Petitioner asserts in this habeas corpus petition that the trial court lacked subject matter jurisdiction due to a defective indictment.

Where, as here, the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Petitioner has failed to establish either that reasonable jurists would debate whether this Court correctly dismissed the petition as time-barred or whether jurists of reason would find it debatable that his petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner's request for a certificate of appealability is **DENIED**.

2

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's objections (Doc. 16) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss (Doc. 8), is **GRANTED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Date: December 1, 2011

_____
JAMES L. GRAHAM
United States District Judge