IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT A. DIXON,**

    **Petitioner,**

v.

**ROB JEFFREYS, WARDEN,**

    **Respondent.**

**CASE NO. 2:11-CV-086**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge E.A. Preston Deavers**

## OPINION AND ORDER

On December 1, 2011, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 18). This matter now is before the Court on Petitioner's December 12, 2011, motion for reconsideration. (Doc. 19). For the reasons that follow, Petitioner's motion for reconsideration (Doc. 19), is **DENIED**.

Petitioner's motion for reconsideration of final judgment of dismissal may be considered under Rule 59 of the Federal Rules of Civil Procedure. Rule 59 provides:

> (a) In General.
>
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
>
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

In his motion for reconsideration, Petitioner again argues that his habeas corpus petition is timely under 28 U.S.C. § 2244(d)(1)(D),[1] because he did not and could not have learned until April 2008, when the Ohio Supreme Court issued *State v. Colon*, 118 Ohio St.3d 26 (2008), *on reconsideration*, *State v. Colon*, 119 Ohio St.3d 204 (2008), *overruled by State v. Horner*, 126 Ohio St.3d 466 (2010), of the basis for his claim of a defective indictment. Petitioner alternatively argues that, because the indictment against him failed to include the required *mens rea*, he is actually

---

[1] 28 U.S.C. § 2244(d)(1)(D) provides:

A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

\*\*\*

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

innocent so as to justify equitable tolling of the statute of limitations. Alternatively, Petitioner requests this Court to reconsider its denial of his request for a certificate of appealability.

For the reasons detailed in this Court's prior dismissal of Petitioner's habeas corpus petition as time-barred under 28 U.S.C. § 2244(d), Petitioner's argument that his habeas corpus petition is timely under the provisions of 28 U.S.C. § 2244(d)(1)(D) remains unpersuasive. Moreover, the record fails to reflect Petitioner's actual innocence so as to justify equitable tolling of the statute of limitations:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005)(footnote omitted). Such are not the circumstances here.

Petitioner has raised no grounds justifying reconsideration of the dismissal of his § 2254

3

petition as time-barred. He likewise has raised no grounds justifying reconsideration of his motion for a certificate of appealability. Petitioner's request for reconsideration (Doc. 19), is **DENIED.**

**IT IS SO ORDERED.**

Date: December 14, 2011

                                                                                    /s/ James L. Graham
                                                                                    JAMES L. GRAHAM
                                                                                    United States District Judge